J-S81034-18, J-S81035-18, J-S81036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALDELAINE DAUGHERTY | : | |
| | : | |
| Appellant | : | No. 808 MDA 2018 |

Appeal from the Judgment of Sentence April 18, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000691-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALDELAINE DAUGHERTY | : | |
| | : | |
| Appellant | : | No. 809 MDA 2018 |

Appeal from the Judgment of Sentence April 18, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000692-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALDELAINE DAUGHERTY | : | |
| | : | |
| Appellant | : | No. 810 MDA 2018 |

Appeal from the Judgment of Sentence April 18, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000693-2017

BEFORE:   STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

_____

*   Former Justice specially assigned to the Superior Court.

J-S81034-18, J-S81035-18, J-S81036-18

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED FEBRUARY 05, 2019**

Appellant Geraldelaine Daugherty appeals from the judgments of sentence entered in the Court of Common Pleas of Bradford County on April 18, 2018, at which time she was sentenced to an aggregate term of nineteen (19) months to fifty-two (52) months in prison[1] following her guilty pleas in three separate dockets.[2] Appellant's counsel also has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and its Pennsylvania counterpart *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "*Anders* Brief") together with a Petition to Withdraw as Counsel and a letter advising Appellant of her rights pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa.Super. 2005).[3] Following our review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

---

[1] The April 18, 2018, Sentencing Order designates the aggregate minimum sentence as nineteen (19) months; however, the court initially failed to provide proper credit when calculating it. In its Amended Sentencing Orders entered on May 25, 2018, the trial court made the necessary correction of the aggregate minimum sentence to fourteen (14) months, eight (8) days.

[2] These appeals were filed prior to *Commonwealth v. Walker*, ___ Pa. _____, 185 A.3d 969 (2018) (holding Pa.R.A.P. 341(a) and its Note require filing of separate notices of appeal when a single order resolves issues arising on more than one trial court docket; prospective to June 1, 2018, notices of appeal that fail to comply with Rule 431 and its Note shall result in quashal of the appeal). Notwithstanding, the trial court entered three separate sentencing orders at three trial court docket numbers, and Appellant filed a separate notice of appeal for each lower court docket number. For ease of review, we have consolidated the three appeals *sua sponte*. **See** Pa.R.A.P. 513.

[3] *Anders* set forth the requirements for counsel to withdraw from representation on direct appeal, and our Supreme Court applied *Anders* in *Santiago*.

- 2 -

Appellant was charged with one count of Defiant Trespass in case number CP-08-CR-0000691-2017, one count of Retail Theft in case number CP-08-CR-0000692-2017, and one count of Retail Theft in case number CP-08-CR-0000693-2017.[4] On January 8, 2018, Appellant entered open guilty pleas to the three charges, and the remaining counts with which Appellant had been charged were to be dismissed at sentencing. N.T. Guilty Plea, 1/8/18, at 1.

Prior to accepting her plea, the trial court had Appellant duly sworn and called as a witness following which it asked her a series of questions. Appellant was handed and acknowledged signing a completed written plea colloquy on January 8, 2018. *Id*. at 2. Appellant further indicated she had had sufficient time to review the document with her attorney and had no questions regarding the same. *Id*. While Appellant explained that she had taken medication for "anxiety, bipolar, depression; a little bit of everything I guess[,]" she stated she did not take her medications that day and that she understood the purpose for which she was in court. *Id*. at 2-3.

The trial court defined the crimes of Retail Theft and Defiant Trespass for Appellant and explained that before it may accept her plea, she must be asked her about the circumstances surrounding each of the charges to which she would be pleading guilty. The Commonwealth proceeded to question Appellant concerning its allegations against her, and Appellant admitted to

_____

[4] 18 Pa.C.S.A. §§ 5303(b)(1)(i), 3929(a)(1) and 3929(a)(1), respectively.

having committed the criminal acts. *Id*. at 3-7. The trial court then informed Appellant of the maximum sentence she could receive were she convicted of each crime. *Id*. at 7-8. The court further clarified that the sentences Appellant was to receive could be imposed consecutively. *Id*. at 8.

Appellant indicated she was entering her guilty pleas knowingly and voluntarily and that no one had forced or threatened her to do so. *Id*. at 8. The trial court found Appellant's pleas to be knowing, voluntary, intelligent, and supported by the facts she had placed on the record. *Id*. at 8-9. The court scheduled a sentencing date and directed the Bradford County Probation Department to prepare a Presentence Investigation Report (PSI) in anticipation of sentence. *Id*. at 9.

On April 16, 2018, Appellant was sentenced to three (3) months to twelve (12) months in prison for Defiant Trespass, eight (8) months to twenty-four (24) months in prison for Retail Theft at CP-08-CR-0000692-2017, and eight (8) months to sixteen (16) months in prison for Retail Theft at CP-08-CR-0000693-2017. Prior to imposing its sentence, the trial court highlighted on the record Appellant's extensive criminal history as revealed in the PSI report. N.T. Sentencing, 4/16/18, at 4-5. The trial court indicated its intention was that each of the three sentences was to be served consecutively so that the aggregate minimum sentence shall be nineteen (19) months and the

aggregate maximum sentence shall be fifty-two (52) months.  *Id*. at 8.[5]  The

trial court explained the rationale underlying its sentence as follows:

> The [c]ourt's reasons for sentencing.  I'll incorporate the pre-sentence investigation into the [c]ourt's reasons for sentencing.  Unfortunately [Appellant's] prior record has placed her as a prior record score of 5, yielding the standard ranges that were mentioned earlier.  All the sentences do fall within the standard range.  [Appellant] continuously commits thefts, she was-the matter at 693 was pending, that was in March of 2017 and then she went on to commit another offense on August 31st, actually two separate times, even after she was told not to return to the store, that's where the defiant trespass comes- comes in, it's a felony of the third degree.
>
> She's asking here for lenience, I don't see how any leniency can be provided.  These are sentences within the standard range, they're not even at the high end of the standard range, sooner or later this-[Appellant]- was going to have to face these types of incarceration given her consistent theft offenses.  She's asking for an opportunity to obtain help, like I said the first offense was back in March of 2017 and then August so she's had over a year to seek rehabilitation and seek the help she seems to so desperately want here today as she's facing a state sentence.  Unfortunately that's not going to happen here.  She will-there will be different types of programs that she'll be able to find that hopefully will help her be rehabilitated in a state correctional facility.
>
> So after considering all the facts and circumstances, the cases that she's being sentenced for today, the [c]ourt did find that it was in-very appropriate to be sentenced in the standard range to a period of total confinement.  And that will conclude the [c]ourt's reasons for sentencing.

*Id*. at 8-9.

Appellant filed notices of appeal on May 16, 2018.  On June 15, 2018,

the trial court entered its Orders directing Appellant to file concise statements

---

[5] As noted previously, the aggregate minimum sentence has been corrected.

of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed the same on July 9, 2018. Therein, Appellant challenged the voluntariness of her plea along with the legality and appropriateness of her sentence. However, counsel also stated that after a review of the transcripts, the plea and sentencing orders, and the PSI report, it was his intention to file an **Anders/McClendon** Brief with regard to the issues raised on appeal.

Counsel initially filed only an **Anders** Brief on October 29, 2018. In a *per curiam* Order filed on November 7, 2018, this Court directed counsel additionally to file a petition to withdraw as counsel and provide Appellant with a copy of the petition. We further instructed counsel to provide Appellant with a letter advising her of her right to proceed *pro se* or with private counsel pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005), and to provide this Court with a copy of the notification. Counsel complied, filing the petition which contains proof of service on Appellant and letter with this Court on November 19, 2018. The Commonwealth has not filed an appellate brief.

The **Anders** Brief contains the following "Statement of Questions Involved":

1. Whether [ ] Appellant's plea was knowing, voluntary and intelligent.

2. Whether the sentence imposed was appropriate given the circumstances of this case.

3. Whether [ ] Appellant's sentence was legal and within the

> Sentencing Guidelines for the Commonwealth of Pennsylvania.

Brief for Appellant at 3.

Prior to addressing any question raised on appeal, we must first resolve counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*); *see also Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005) (citation omitted) (stating "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in *Santiago* stated that an *Anders* Brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 7 -

*Santiago*, *supra* at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* Brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007).

Herein, as previously stated, counsel first filed an *Anders* Brief on October 29, 2018, and pursuant to this Court's Order, his Petition to Withdraw as Counsel followed on November 19, 2018. In his Petition, counsel states that after a conscientious examination of the record and communication with Appellant, he has determined that an appeal herein is frivolous. *See* Petition to Withdraw as Counsel at ¶ 2. Counsel further explains that he notified Appellant of the withdrawal request and forwarded a copy of the *Anders* Brief to Appellant together with a letter explaining her right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. *See id.* at ¶¶ 3-5; *see also* attached Letter to Appellant. Counsel indicates that a copy of the Petition to Withdraw as Counsel and notice letter were served on Appellant, and these documents correctly inform Appellant of her rights.

In the **Anders** Brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issues raised on appeal, provides citations to relevant case law, and states his reasoning and conclusion that the appeal is wholly frivolous. **See Anders** Brief at 9-18. Accordingly, counsel has complied with all of the technical requirements of **Anders** and **Santiago**. As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we proceed to examine the issues of arguable merit identified in the **Anders** Brief.

Therein, counsel first challenges whether Appellant knowingly, voluntarily and intelligently entered her plea. **Anders** Brief at 9-11. In considering this claim, we bear in mind the following:

> The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing [c]ourt will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Kpou*, 153 A.3d 1020, 1023–24 (Pa.Super. 2016) (internal citations and quotation marks omitted). "[A] defendant is bound by

the statements which [s]he makes during h[er] plea colloquy." ***Commonwealth v. Barnes***, 687 A.2d 1163, 1167 (Pa.Super. 1996) (citations omitted). As such, a defendant may not assert grounds for withdrawing the plea that contradict statements made when she entered the plea. ***Id***. (citation omitted).

Appellant's argument that her guilty plea was not knowing, voluntary and intelligent is wholly unsupported by the record. As stated previously, the trial court went to great lengths to ensure Appellant understood the nature of the pending charges against her, the circumstances that led to those charges, and the maximum sentences she could receive were she convicted of each crime. Appellant, who also completed an extensive written plea colloquy, indicated she had not been coerced by anyone to enter her plea and that she was entering the same knowingly and voluntarily. N.T. Guilty Plea, 1/8/18, at 1-9. As a result, Appellant has failed to meet her burden of showing she was unaware of her rights or the consequences of her plea.

Counsel's second claim questions whether Appellant's sentence was appropriate under the circumstances of the case, which implicates the discretionary aspects of Appellant's sentence. ***Anders*** Brief at 12. The following principles apply to our consideration of whether Appellant's claim raises a viable challenge to the discretionary aspects of her sentence:

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the

> appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (citations omitted).

Appellant has waived an attack on the discretionary aspects of her sentences as a result of her failure to raise such a claim before the trial court. Although Appellant filed timely notices of appeal, she filed no post-sentence motions and made no objections at the sentencing hearing following the imposition of her sentence. *See* Pa.R.Crim.P. 720.

Moreover, even if we were to overlook waiver, any issue related to the discretionary aspects of Appellant's sentence affords her no relief, for her aggregate sentence was within the standard range of the Sentencing Guidelines, the trial court had the benefit of a PSI report, and the court stated the reasons for its sentence on the record. *See Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa.Super. 2010) (recognizing precedent that where the trial court had the benefit of a PSI report, its imposition of consecutive rather than concurrent sentences in the standard range, absent more, cannot be considered excessive or unreasonable). Accordingly, this issue as framed by counsel in the *Anders* Brief has been waived and, notwithstanding, its

pursuit on direct appeal would be wholly frivolous. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 289, 291 (Pa.Super. 2008).

Finally, counsel asserts a challenge to the legality of Appellant's sentence, and our review of the record indicates no irregularity in that regard. As the trial court explained, prior to imposing its sentence, it reviewed the PSI report and the Sentencing Guidelines. Trial Court Opinion, filed 9/11/18, at 3. Appellant had a prior record score of 5 which yielded a standard range sentence of RS to six (6) months in prison on the Criminal Trespass charge and a standard range sentence of six (6) months to sixteen (16) months in prison for each Retail Theft charge. ***Id***. Therefore, the aggregate prison term of fourteen (14) months, eight (8) days to fifty-two (52) months which Appellant received is legal.

Lastly, our independent review of the record does not reveal any additional, non-frivolous issues in this appeal. ***Commonwealth v. Dempster***, 187 A.3d 266, 271 (Pa.Super. 2018) (*en banc*); ***see also Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa.Super. 2015). Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: : 02/05/2019